```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      NORTHERN DIVISION


RICHARD PHILLIPS, et al.,      :
                               :
    Plaintiff,                 :    CIVIL ACTION 04-00634-CG-B
                               :
v.                             :
                               :
AMERICAN HONDA MOTOR CO.,      :
INC., et al.,                  :
                               :
    Defendant.                 :
```

ORDER

This matter is before the Court on Plaintiffs Richard Phillips and Deda Phillips' Motion for Sanctions (Doc. 45). In their motion, Plaintiffs assert that Defendants American Honda Motor Company, Inc., Honda Motor Co., Ltd., Honda R & D Americas, Inc., Honda of American Manufacturing, Inc. and Honda North America, Inc. failed to attend their 30(b)(6) depositions because a single witness was produced, on behalf of all the Defendants, and that witness is not an employee of any of the Defendants, and does not speak English. According to Plaintiffs, each Defendant should be required to produce a separate English-speaking deponent for a 30(b)(6) deposition. Plaintiffs also assert that Defendants did not timely produce documents responsive to Plaintiffs' Rule 30(b)(5) production notice, and that Plaintiffs

1

should be reimbursed for the $3,381.83 in expenses incurred by their counsel in connection with the 30(b)(6) deposition.

Defendants assert that they have fully complied with their discovery obligations. Specifically, Defendants assert that Plaintiffs served the same 30(b)(6) deposition notice (covering the same topics) on all of the Defendants, and scheduled the deposition for the one day. According to Defendants, they designated Mr. Hirotake Takahashi to testify on behalf of all the Defendants because he is the individual most knowledgeable regarding the design of the ATV at issue, and Plaintiffs have yet to identify any deficiencies in his deposition testimony. Defendants further contend that under rule 30(b)(6), they are not required to produce an "English-speaking" deponent especially where two interpreters were provided at Defendants' expense. Finally, Defendants assert that they fully complied with Plaintiffs' rule 30(b)(5) production notice by producing responsive documents and lodging written objections to those documents which they deemed improper.

Based upon a review of Plaintiffs' motion and Defendants' response in opposition, the undersigned hereby **DENIES** Plaintiffs' motion. Rule 30 of the Federal Rules of Civil Procedure allows any party to request the deposition of any other party to the litigation by serving a notice of deposition upon that party.

The party to be deposed can be a natural person under Rule 30(b)(1) or a corporation under Rule 30(b)(6). Fed. R. Civ. P. 30. Under the rules, a corporation may be deposed in two ways. <u>Commodity Futures Trading Commission v. Midland Rare Coin Exchange, Inc., et al.</u>, 1999 U.S. Dist. LEXIS 16939, *5 (S.D. Fla. July 28, 1999). "The first choice is to notice the deposition of the corporation by a particular officer, director, or managing agent pursuant to *Rule 30(b)(1)* . . . ." <u>Id</u>. (emphasis in original). "At such a deposition, the testimony is of the corporation[,] and if the corporation is a party, the testimony may be used at trial by an adverse party for any purpose." <u>Id</u>. "The second choice, is to notice the deposition of the corporation without specifically naming the person to be deposed[,] but listing in the notice a description . . . with reasonable particularity of the matters on which [ ] examination is requested . . . ." <u>Id</u>. at *5-6 (citing to Fed. R. Civ. P. 30(b)(6)). Under this second choice, the corporation "shall designate one or more officers, directors, or managing agents or *other persons* who consent to testify on its behalf . . . ." Fed. R. Civ. P. 30(b)(6) (emphasis added). The person or persons so designated "shall testify to matters known or reasonably available to the organization." <u>Id</u>.

In this case, Plaintiffs opted for the second option[1] thereby placing the burden on Defendants to identify one or more officers, directors, managing agents or *other persons* to testify on their behalf regarding the matters on which examination was sought.  While Plaintiffs assert that Mr. Takahashi is not employed by any of the Defendants, Rule 30(b)(6) does not contain any such requirement, nor have Plaintiffs directed the Court to any cases in which courts have imposed that requirement.  Similarly, there is nothing in the rule that requires a corporation to produce an English-speaking deponent.  Instead, the rule obligates the company to produce a deponent who can give complete, knowledgeable and binding answers on behalf of the corporation[2].  Plaintiffs herein have not asserted that Mr. Takahashi was not knowledgeable or that he was unable to understand and provide answers (through the interpreters) to the questions posed during his deposition.  In the absence of any such deficiencies, Plaintiffs' assertion that Defendants did not fulfill their obligations under Rule 30(b)(6) is not supported by

---

[1] This is not meant to suggest that parties are limited to one selection.  Parties may elect to utilize both during the course of discovery.

[2] In fact, where a case involves a product that was designed in a foreign country, it is quite likely that the person with the most knowledge regarding the design of the product will speak the primary language utilized in the foreign county.

the record.

Plaintiffs' contention that Defendants did not fulfill their obligations under Rule 30(b)(5) is likewise unsupported by the record.  First of all, Plaintiffs have failed to direct the Court to the specific production requests that are in issue[3]; thus, the Court has no way of determining whether Defendants' objections to the requests were proper.  Additionally, to the extent that Plaintiffs contend that the documents were not produced in a timely manner, the record suggests otherwise.  According to Plaintiffs, a Rule 30(b)(5) request for documents was served on counsel for Defendants on March 28, 2005[4]; however, Defendants did not produce responsive documents until the eve of the 30(b)(6) deposition, or April 20, 2005.  Rule 30(b)(5) provides that a production request to a party deponent must be in compliance with Rule 34, which states, in pertinent part: that the party upon whom a production request is served "shall serve a written response within 30 days after the service of the

---

[3]The Rule 16(b) Scheduling Orders expressly provide that any discovery motion shall quote <u>in</u> <u>full</u> (1) each . . . . request for production to which the motion is addressed . . . . and (2) the response or the objection and grounds therefor, if any, as stated by the opposing party (Docs. 28 and 33).

[4]While it appears that the request was originally served on November 10, 2004, it was a nullity as formal discovery did not commence until after entry of the Rule 16 (b) Scheduling Order on January 5, 2005.

request." Fed. R. Civ. P. 30(b)(5); Fed. R. Civ. P. 34. Under operation of the rules, Defendants' response to Plaintiffs' production request was due 30 days after service, which in this instance, was April 27, 2005. Because it appears that Defendants' response to Plaintiffs' production request was served before this date, it was timely filed.

For the reasons set forth herein, the undersigned concludes that Plaintiffs' motion is not supported by the record evidence. Accordingly, Plaintiffs' motion is **DENIED** in its entirety.

DONE this **24th** day of **June,2005.**

                                               **s/Sonja F. Bivins**
                                      **UNITED STATES MAGISTRATE JUDGE**