IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD PHILLIPS and ) | |
| DEDA PHILLIPS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-0634-CG-B |
| ) | |
| AMERICAN HONDA MOTOR CO., INC., ) | |
| et al., ) | |
| ) | |
| Defendants. | |

### ORDER

This matter is before the court on plaintiffs' motion for reconsideration of order denying plaintiffs' motion to amend complaint (Doc. 79), defendants' response thereto (Doc. 89) and plaintiffs' reply (Doc. 93). The court denied plaintiffs' motion to amend the complaint on the basis that the proposed amendment would be futile. (Doc. 64). Specifically, the court found that the statute of limitations applied to bar plaintiffs' claims against Honda R&D and thus, amending the complaint to add Honda R&D would be futile. The current defendants were precluded from raising the statute of limitations as a defense in this action pursuant the parties agreement and stipulated dismissal entered in plaintiffs' prior action filed in the Circuit Court of Adams County, Mississippi.

Plaintiffs assert that defendants raised the statute of limitations as a defense in their answer and have therefore, violated the agreement. However, on July 6, 2005, defendants filed a notice of waiver of the defense of statute of limitations in accordance with the stipulated order entered in the Circuit Court of Adams County, Mississippi. (Doc. 65). Defendants do not claim

1

that plaintiffs' claims against the current defendants are barred by the statute of limitations. Instead, defendants maintain that the proposed amendment adding claims against an entity which was not a party to the agreement or a party in the Mississippi action would be barred by the statute of limitations.

Plaintiffs also assert that while Honda R&D was not a named party in the Mississippi action it was a fictitious defendant in the action. However, the court is unpersuaded that the inclusion of fictitious parties in the Mississippi action somehow required Honda R&D to abide by the agreement or the stipulated order entered in the action. There is no indication that Honda R&D was ever served with the Mississippi complaint or that it participated in the Mississippi action or the agreement.

Plaintiffs' have offered no additional authority by which this court could hold Honda R&D accountable for an agreement simply because it is related to a party to that agreement. Nor have plaintiffs offered authority for the court to find that Honda R&D is bound by a court order in a case in which it was not a party. Plaintiffs have not shown that Honda R&D has waived the statute of limitations defense. Accordingly, the court reaffirms its previous ruling that the statute of limitations applies to Honda R&D and that an amendment adding Honda R&D would be futile.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration (Doc. 79) is **DENIED**.

**DONE and ORDERED** this 16th day of November, 2005.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE