IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD PHILLIPS and** | ) |
| **DEDA PHILLIPS,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )   **CIVIL ACTION NO. 04-0634-CG-B** |
| | ) |
| **AMERICAN HONDA MOTOR CO., INC.,** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

This matter is before the court on plaintiffs' motion "to Alter, Amend or Vacate the Court's Order dated January 26, 2006 (Doc. 182), defendants' response thereto (Doc. 185), and defendants' motion to strike the affidavit of Michael A. Burleson (Doc. 186). The court finds that the newly filed affidavit of Michael A. Burleson is due to be STRICKEN. The court also finds that plaintiffs have not demonstrated clear error or manifest injustice. Therefore, plaintiffs' motion to alter, amend or vacate is due to be DENIED.

The decision whether to alter or amend a judgment pursuant to Rule 59(e) is "committed to the sound discretion of the district judge." Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000) (quoting American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir.1985)). The standard of review under Rule 59(e) was summarized by this court in another case as follows:

> A motion to alter or amend a judgment must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294 (M.D. Fla.1993)). Generally, courts have recognized three

>    grounds justifying reconsideration of an order: (1) an intervening change in
>    controlling law; (2) the availability of new evidence; and (3) the need to correct
>    clear error or manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153
>    F.R.D. 689, 694 (M.D.Fla.1994); see also Kern-Tulare Water Dist. v. City of
>    Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal.1986).  Reconsideration of a previous
>    order is an extraordinary remedy to be employed sparingly in the interests of
>    finality and conservation of scarce judicial resources. Pennsylvania Ins. Guar.
>    Ass'n v. Trabosh, 812 F.Supp. 522 (E.D.Pa.1992); Wendy's Int'l v. Nu-Cape
>    Construction, 169 F.R.D. 680, 684-85 (M.D.Fla.1996).

Sonnier v. Computer Programs & Systems, Inc., 168 F.Supp.2d 1322, 1336 (S.D. Ala. 2001) (quoting Alabama State Docks Department v. Water Quality Insurance Syndicate, 1998 WL 1749263 (S.D.Ala.1998)(emphasis in original)).  Plaintiffs' counsel has not alleged either a change in the law or that new evidence is available.  Thus, the only basis under which relief can be sought is where there is a need to correct clear error or manifest injustice.  The court does not find that clear error or manifest injustice has been demonstrated in this case.

Plaintiffs first contend that the court erred in striking the testimony of plaintiffs' engineering expert, Michael A. Burleson.  Plaintiffs argue that the grounds on which the court struck Burleson's testimony speak to the weight rather than the admissibility of that testimony.  Plaintiffs offer an affidavit ofy Burleson, dated February 6, 2006, which attempts to explain some of the problems and inconsistencies in Burleson's testimony.  Defendants move to strike this newly filed affidavit.  The affidavit does not constitute newly discovered evidence; rather is points to evidence and makes arguments that could have been offered at the time the motion for summary judgment was briefed.  Rule 59(e) motions are not intended "to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." Mincey v. Head, 206 F.3d 1106, 1137 n. 69 (11th Cir. 2000); see also Groover v. Michelin N. Am., Inc., 90 F.Supp.2d 1236, 1256 (M.D. Ala.

2000) ("Additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration."). "[T]he moving party will not prevail on a Rule 59(e) motion that introduces previously unsubmitted evidence absent a showing that the evidence was unavailable at the time of the judgment." Mincey, 206 F.3d at 1137 n.69; see also Prieto v. Storer Communications, Inc., 152 F.R.D. 654, 655-56 (M.D. Fla. 1994) (plaintiff would not be allowed to file evidence to support Rule 59(e) motion "when that evidence was available to Plaintiff before the Court's ruling"). Thus, the court finds that Burleson's February 6, 2006, affidavit is due to be stricken.

Moreover, even if the court were to consider the affidavit, the court finds that it fails to demonstrate clear error or manifest injustice in this court's decision. The majority of plaintiffs' arguments are simply an attempt to restate the same arguments previously made to the court. A motion to alter or amend should not be used to relitigate settled issues. See Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005); Mincey, 206 F.3d at 1137 n.69 (citation omitted); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992); Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990); see also Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994) (stating that "[f]or reasons of policy, courts and litigants cannot be repeatedly called upon to backtrack through the paths of litigation which are often laced with close questions"). The court addressed these arguments in the order of January 26, 2006, and is not persuaded that its reasoning or conclusions were in error or that the order results in a manifest injustice.

Plaintiffs also argue (1) that lay jurors could reasonably conclude that the ATV was defective without the aid of expert testimony, (2) that the court erred in striking the expert

testimony of the treating physicians, (3) that the treating physicians should have been allowed to testify as to causation without being identified as experts, and (4) that summary judgment should not have been granted in favor of defendants.  However, as with plaintiffs' arguments relating to Burleson's testimony, plaintiffs are simply attempting to relitigate settled issues.   Again, the court addressed these arguments in the order of January 26, 2006, and after  review of the evidence before the court and the arguments made by counsel, finds that plaintiffs have not demonstrated clear error or manifest injustice.

## CONCLUSION

For the reasons stated above, defendants' motion to strike (Doc. 186) is **GRANTED** and the February 6, 2006, affidavit of Michael A. Burleson is hereby **STRICKEN**.

It is **FURTHER ORDERED** that plaintiffs' motion to alter, amend, or vacate the court's order of January 26, 2006 (Doc. 182) is **DENIED**.

**DONE and ORDERED** this 6th day of July, 2006.

                                                /s/   Callie V. S. Granade
                                        CHIEF UNITED STATES DISTRICT JUDGE